**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RODRICK LAKIRK SCOTT, ) | |
| ID # 00677290, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-3160-N (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On September 3, 2014, Rodrick LaKirk Scott (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a motion that was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* doc. 1.) By *Notice of Deficiency and Order* dated September 12, 2014, Petitioner was informed that he had not filed his petition on the appropriate form petition for relief under 28 U.S.C. § 2254, and that he had not provided the $5 filing fee or a motion for leave to proceed *in forma pauperis*. (*See* doc. 7). The order directed Petitioner to complete and return the § 2254 form, and either pay the filing fee or file an application to proceed *in forma pauperis* with a certificate of inmate trust account within thirty days, and warned him that failure to do so could result in the dismissal of this case under Federal Rule of Civil Procedure 41(b). More than 30 days from the date of the Court's order have passed, but Petitioner has still not filed a completed form petition for relief under 28 U.S.C.§ 2254, paid the fee, submitted an *in forma*

*pauperis* application, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to file the form § 2254 petition, pay the filing fee, or file an application to proceed *in forma pauperis*, as ordered.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner files a completed form petition for relief under § 2254, and an application to proceed *in forma pauperis* with a certificate of inmate trust account within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 5th day of November, 2014.**

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE